IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB SAFFOLD,

Plaintiff,

OPINION AND ORDER

v.

25-cv-1-wmc

MEG HAMILTON,

Defendant.

---

In a previous order, the court granted plaintiff Caleb Saffold's motion for summary judgment on liability as to his Fourth Amendment unreasonable-search claim against defendant Meg Hamilton. (Dkt. #61.) The case is set for a jury trial on damages beginning on October 26, 2026. In advance of the final pretrial conference ("FPTC") scheduled for October 13, 2026, at 2:30 p.m., this opinion and order addresses the parties' motions in limine ("MILs"). (Dkt. ##62, 69.)

BACKGROUND

At approximately 9:29 p.m. on September 9, 2024, Shorewood Hills Police Officer John Maginot initiated a traffic stop of a car being driven by plaintiff Caleb Saffold and requested support. About ten minutes later, University of Wisconsin – Madison Police Department Officer Richard Bailey and Sergeant Meg Hamilton arrived and were briefed by Officer Maginot. Among other things, Maginot apprised both officers of: his observations of Saffold; the actions that he had already taken and intended to take for the remainder of the stop, including requesting a K-9 unit; and information on Saffold's criminal history.

Around 9:49 p.m., a Monona Police Department K-9 unit arrived. After an exchange with the K-9 officer, plaintiff Saffold exited his vehicle and followed Officer Maginot's directions to walk toward his squad car so that he could discuss the warnings he was being issued. After arriving at the squad car, Saffold denied consent to perform a frisk, but Officer Hamilton ordered one anyway, which Maginot performed. No weapons or drugs were discovered on Saffold's person, nor were weapons, drugs or other contraband found in Saffold's car.

On January 2, 2025, Saffold filed this lawsuit against the Village of Shorewood Hills and John Maginot, Richard Bailey and Meg Hamilton, alleging that they unreasonably extended the stop and conducted an unlawful search of his person. After reaching a settlement with the Village of Shorewood Hills and Maginot, Saffold filed an amended complaint, dismissing them but maintaining his unlawful search claim against UW-Madison Police Officers Bailey and Hamilton. (Dkt. ##26, 27.) The remaining parties filed cross-motions for summary judgment (dkt. ##35, 41), and the court granted summary judgment as to plaintiff's claim against defendant Bailey, dismissing him from the case, while finding defendant Hamilton liable for ordering an unlawful search of Saffold's person during the traffic stop. (Dkt. #61.) Thus, the remaining issue for trial is what damages plaintiff Saffold is owed, if any.

OPINION

**A. Plaintiff's Omnibus MIL (dkt. #69)**

**1. To bar evidence and argument that defendant's search of plaintiff was legally reasonable.**

The parties agree that while defendant's subjective belief that her order to search plaintiff was justified is relevant to the issue of punitive damages, defendant may not ask the jury to revisit its legal validity nor argue that it was legally justified. (Plt.'s MIL (dkt. #69), at 2; Dft.'s Resp. (dkt. #83), at 1.) Accordingly, this motion will be GRANTED.

Although outside the scope of this motion, plaintiff also argues that testimony from other officers regarding their subjective beliefs at the time defendant ordered the frisk is relevant to punitive damages. In particular, punitive damages are "intended to 'punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct,' [and] their reasonableness is assessed by analyzing the wrongfulness of the defendant's underlying actions and the damage caused by them." *Chinouth v. MJC Am., Ltd.*, No. 3:24 C 50323, 2026 WL 272428, at *5 (N.D. Ill. Feb. 3, 2026) (citing *Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996)); *see also E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 838 (7th Cir. 2013) (the reasonableness of a punitive damages award depends on the "reprehensibility of the defendant's conduct.") Thus, what other officers thought of defendant's conduct may be relevant both to the question of reprehensibility (whether the conduct was the result of intentional malice), but also whether officers generally need to be deterred from engaging in similar conduct in the future. Accordingly, the court will RESERVE on this issue, and the parties should be prepared to address where the line should be drawn as to such evidence at the FPTC.

**2. Testimony and argument that Maginot touched plaintiff's genitalia during the frisk.**

As this court noted in its summary judgment opinion, "because frisks are a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment," a frisk is "not to be undertaken lightly, [and] an officer that ordered an unlawful frisk may be held liable for the reasonably foreseeable injury caused by this privacy invasion." (Dkt. #61, at 7 n.2) (citation omitted). However, the court reserved judgment on whether defendant Hamilton could be liable for Maginot touching plaintiff's genitalia during the search. (*Id.*). The parties have now filed competing MILs ripening this issue, which the court addresses in turn.

Specifically, defendant moves to bar any argument or evidence that Officer Maginot touched plaintiff's genitalia during the frisk because they were not raised until summary judgment. Plaintiff objects, stating: he intends to offer testimony by both Officer Maginot and himself that Maginot touched his genitals; he was not required to plead every detail of the intrusive search; defendant could have but did not depose him or seek other discovery to learn plaintiff's specific description of the search at trial; and defendant had access to body-worn camera footage where that contact was discussed no later than April 2025. Because these allegations about the repercussions/consequences of the search conducted by Officer Maginot at defendant's insistence should not be a surprise to defendant and she may be held liable for reasonably foreseeable injuries caused by her frisk order, defendant's motion is DENIED, and plaintiff will be allowed to introduce evidence of contact with his genitalia and argue this contact was reasonably foreseeable.

Further, plaintiff affirmatively moves to introduce argument and evidence that Maginot touched his genitalia, arguing that contact was a foreseeable consequence of defendant's frisk order and relevant to his compensatory damages for mental anguish and suffering. (Dkt. #69, at 2-5.) In response, defendant appears to concede that brief contact through clothing with plaintiff's genitalia was a foreseeable consequence. (Dkt. #83, at 5.) However, she argues that anything more, such as deliberate grabbing, squeezing, lingering, or sexually motivated touching, was not foreseeable; and therefore, she should not be liable for that behavior, if any. Because plaintiff's motion and proposed testimony and argument appear to be limited to brief contact with his genitalia and how that impacted him, plaintiff's motion will be GRANTED. However, if plaintiff intends to offer evidence or argument for additional contact, whether intentional or not, he must make a proffer at the FPTC, and the court will determine its admissibility.

3. **Preclude defendant from offering any character evidence, evidence of crimes, wrongs, or other acts without a prior ruling from the court allowing such evidence.**

Although plaintiff's motion does not identify any specific evidence, defendant does not object. Instead, she requests specific permission to introduce what Officer Maginot told defendant Hamilton before she ordered the frisk search. Accordingly, plaintiff's motion is GRANTED as unopposed. As to defendant's specific request, the information Maginot shared with her concerning plaintiff's criminal history would appear relevant to her subjective belief that a frisk was justified, which is relevant to whether punitive damages are appropriate for reasons already discussed above. Therefore, the court will PRELIMINARILY GRANT this request, but will expect defendant to make a specific

proffer as to what was said and any argument from plaintiff opposing its admission at the FPTC.

**4. Preclude any argument that being a police officer is a dangerous job.**

This motion will be GRANTED IN PART and DENIED IN PART. While defendant and other officers may offer limited testimony about what they were thinking and feeling during the traffic stop in question, including the possible risks and dangers present during any traffic stop, as well as allow defendant's counsel to argue these risks and damages should be considered in assessing whether defendant's conduct was reprehensible, testimony and argument seeking to undermine the illegality of defendant's frisk order or to evoke general sympathy for defendant irrelevant to the questions of compensatory and punitive damages will be excluded under FED. R. EVID. 401 and 403.

**5. Preclude defendant from referring to the jury as taxpayers.**

This motion is GRANTED as unopposed.

**6. Preclude defendant from offering testimony about awards she has won and irrelevant training and experience.**

This motion will also be PRELIMINARILY GRANTED. Defendant shall not offer testimony of any awards nor irrelevant training and experience, including those related to homicide investigations, child abuse, and child neglect. However, defendant will be able to introduce evidence of her training and experience relevant to conducting frisks and should come to the FPTC prepared to discuss the scope of training and experience she intends to introduce. Her counsel may also proffer any evidence of particularly relevant service awards defendant has received, should she wish to argue for admission.

**7. Prohibit defendant from offering evidence or arguing that Officers Maginot or Bailey are responsible for the frisk, rather than her.**

Because defendant has stated that they will not argue that Maginot's performance of the frisk relieves her of liability, this motion is GRANTED. However, defendant raises two concerns. First, defendant argues again that she should not be held liable for injuries that were not reasonably foreseeable based on her order to frisk -- specifically, any injuries related to more than Maginot's brief contact with plaintiff's genitalia. As the court has already ruled, plaintiff will be allowed to introduce some evidence of Maginot's contact with his genitalia to the extent a reasonably foreseeable consequence of defendant's frisk order, and defendant will have the opportunity to be heard further on this subject at the FPTC. Second, defendant argues that *if plaintiff opens the door*, she should be allowed to present evidence that she was not responsible for plaintiff's initial stop, prolonged detention, or his car being sniffed by a K-9 unit and searched. On this point, defendant's argument is well taken for reasons associated with defendant's Omnibus MIL #1, which is unopposed. Should plaintiff introduce arguments that defendant was somehow responsible for these acts, defendant may offer responsive evidence but only *after* confirming an opening at sidebar.

**8. Exclude the fact that plaintiff also sued Bailey and Maginot, and that Maginot settled with plaintiff.**

This motion is GRANTED as unopposed with respect to any presentation to the jury, but does not prevent defendant from offering the settlement agreement in argument to the court to the extent relevant on a post-verdict motion.

**B. Defendant's Omnibus MIL, dkt. #62.**

**1. Bar any testimony, argument, or innuendo that may indicate, allude to, or otherwise falsely suggest that defendant is liable or otherwise violated plaintiff's rights during the traffic stop at issue other than by ordering a frisk of plaintiff.**

This motion is GRANTED as unopposed.

**2. Preclude any liability jury instructions.**

This motion is GRANTED as unopposed.

**3. Bar any testimony, argument, or innuendo of racial motivation.**

Defendant argues that because plaintiff did not plead a race discrimination claim, he should be precluded from arguing or testifying that defendant's conduct was racially motivated or otherwise suggesting that race is relevant to damages. Plaintiff objects to the motion, arguing that his race impacted how he felt about defendant's conduct at the time and now. This motion will be GRANTED IN PART and DENIED IN PART. Plaintiff may testify about how his race contributed to his own emotional distress, both while he was being searched and today, as such testimony is relevant to compensatory damages. However, plaintiff may not accuse defendant personally of having or acting on any kind of racial bias absent a persuasive proffer at the FPTC supporting such an accusation.

**4. Testimony and argument that Maginot touched plaintiff's genitalia during the frisk.**

The court addressed this motion as part of its ruling on plaintiff's MIL #2 above. Consistent with that ruling, defendant's MIL #4 is DENIED.

**5. Exclude evidence and argument regarding summary judgment opinion or analysis.**

This motion is GRANTED as unopposed.

**6. Bar requests for discovery, references to discovery disputes, or suggestions of discovery noncompliance in the jury's presence.**

This motion is GRANTED as unopposed.

**7. Bar generalized claims that law enforcement officers lie, conspire, cover up, or maintain a "Code of Silence."**

This motion is GRANTED IN PART as unopposed since plaintiff agrees that he will not discuss a "code of silence." However, plaintiff also responds that "if any officer testifies in a manner inconsistent with their previous statements, [he] reserves the right to question that officer's motive for doing so after proper impeachment." (Dkt. #89, at 4.) The court will RESERVE on the admissibility of such an argument. Regardless, plaintiff should confirm with the court at side bar before pursuing such an inquiry or making such an argument.

**8. Bar references to the law enforcement system being "corrupt" or prior, unrelated conduct or misconduct by UWPD Officers.**

This motion is GRANTED as unopposed.

**9. Bar plaintiff from offering opinion testimony about the credibility of other witnesses.**

This motion is GRANTED as unopposed.

**10. Exclude evidence or argument regarding indemnification, costs, or settlement discussions.**

This motion is GRANTED as unopposed.

**11. Bar references or comparisons to unrelated high-profile law enforcement search or use of force incidents and current events.**

Defendant seeks to preclude plaintiff from referring to other high-profile law enforcement searches or use of force incidents as irrelevant and unduly prejudicial. This motion will be DENIED. The court agrees with plaintiff that limited reference to such incidents during plaintiff's testimony may be relevant to compensatory damages, at least to the extent those incidents may have impacted his emotional state, pain and suffering. Further, within reason, a *brief* general reference may be appropriate in arguing for the award of punitive damages.

**12. Exclude golden rule or sympathy arguments.**

This motion is GRANTED as unopposed.

**13. Bar "value of rights" arguments for damages.**

Defendant moves to preclude plaintiff from arguing that he should be compensated for the "value" or "importance" of constitutional rights, separate from any actual injury proved to have been caused by defendant's conduct. This motion is GRANTED IN PART and DENIED IN PART. Plaintiff is precluded from arguing for an award of damages based on the abstract value of his Fourth Amendment rights, and has agreed not to make such an argument. (Plt.'s Resp. (dkt. #89), at 5.) However, he may testify that he suffered emotional or mental distress as a result of defendant's violation of his Fourth Amendment rights during and following the unauthorized search of his person. He may also argue that defendant's violation of his important rights to be free from unwarranted frisks is a

consideration in awarding punitive damages. If necessary, the parties should seek further guidance on this ruling at the FPTC.

**14. Exclude any expert testimony, unsupported medical diagnosis, expert opinions, and speculative causation testimony from plaintiff and his witnesses**

This motion is GRANTED as unopposed.

ORDER

IT IS ORDERED that plaintiff's and defendants' motions in limine are GRANTED and DENIED in whole or in part as set forth above.

Entered this 8th day of October 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge